IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KHAI NGUYEN | |
| Plaintiff, | CIVIL ACTION FILE NO.: |
| v. | |
| DONEL WALKER THOMAS, HOLMES COMPANY OF JACKSON, INC., AND SENTRY SELECT INSURANCE COMPANY, | Gwinnett County State Court Case No. 21-C-02961-S1 |
| Defendants. | |

## NOTICE OF REMOVAL

COME NOW Defendants Donel Walker Thomas, Holmes Company of Jackson, Inc., and Sentry Select Insurance Company, (hereinafter "Defendants"), by and through the undersigned counsel, without waiving any defenses as to personal jurisdiction, venue, process, or service of process, and pursuant to 28 U.S.C. § 1441(a) and (c) hereby file this Notice of Removal, respectfully showing the Court as follows:

1.

Plaintiff Khai Nguyen filed this personal injury action arising from injuries sustained in a motor vehicle accident on September 24, 2019, in the State Court of

Gwinnett County, Georgia, Civil Action File No. 21-C-02961-S1.  A copy of all pleadings and process served upon Defendants are attached hereto as Exhibit "A".

## **Complete Diversity Jurisdiction Exists**

2.

At the time of the filing of the Complaint and upon information and belief, Plaintiff is a citizen of the State of Georgia.

3.

At the time of the filing of the Complaint and to-date, Defendant Donel Walker Thomas is a resident of the State of Mississippi and domiciled at 2852 Wash Bailey Road, Durant, Mississippi 39063. Defendant Donel Walker Thomas was served on April 27, 2021.

4.

Defendant Sentry Select Insurance Company was, and currently remains a corporation organized under the laws of the State of Wisconsin, with its principal place of business located at 1800 North Point Drive, Stevens Point, Wisconsin, 54481. *See* Georgia Secretary of State Registration for Defendant Sentry Select Insurance attached hereto as Exhibit "B". Sentry Select Insurance is a citizen of Wisconsin for purposes of determining diversity jurisdiction.  See Kong v. Allied Prof I Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014) ("[a] corporation is generally

deemed to be a citizen of every state in which it is incorporated, as well as the state in which it maintains its principal place of business."). Defendant Sentry Select Insurance Company was served on April 16, 2021.

5.

Defendant Holmes Company was, and currently remains a corporation organized under the laws of the State of Mississippi with its principal place of business located at 535 Old Highway 49 South, Richland, Mississippi 39218. *See* Georgia Secretary of State Registration for Defendant Holmes Company attached hereto as Exhibit "C". Holmes Company is a citizen of Mississippi for purposes of determining diversity jurisdiction. See Kong v. Allied Prof I Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014) ("[a] corporation is generally deemed to be a citizen of every state in which it is incorporated, as well as the state in which it maintains its principal place of business."). Defendant Holmes Company was served on April 21, 2021.

6.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c); *see also* Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (defining a corporation's principal place of business as the "place where a corporation's officers direct, control, and coordinate the corporation's activities").

As such, none of the Defendants are citizens of the State of Georgia.

7.

Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants for purposes of 28 U.S.C. § 1332(c)(1).

<strong><u>The Amount in Controversy Exceeds $75,000.00</u></strong>

8.

Upon information and belief, Plaintiffs seek judgment against the named-defendants for sums in excess of $75,000.00, exclusive of interest and costs.  Prior to this lawsuit being filed, Plaintiffs submitted a time-limited demand for $400,000. *See* Plaintiffs' Pre-Suit Demand, attached hereto as Exhibit "D".  In their time-limited demand, Plaintiffs assert at least $27,154.07 in medical expenses.  Ex. "D". Plaintiffs further allege that Plaintiff "will have anticipated future medical cost likely exceeding $140,000.00 for the combined surgeries in addition to other medical costs and treatments." Ex. "D".  In their Complaint, Plaintiff seeks to recover for Plaintiff's "serious and permanent injuries" and Plaintiff also alleges "great pain in both mind and body". <u>See</u>, Complaint, ¶ 19. Plaintiff also alleges that he continues to suffer pain now and will in the future.  <u>See</u>, Complaint, ¶ 19. Moreover, Plaintiff also alleges future medical expenses and present and future lost earnings. <u>See</u>, Complaint ¶¶ 20, 21.

## Removal is Timely

9.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of Sentry being served on April 16, 2021.  *See* Fed. R. Civ. P. 6(a)(1)(C).  This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Sentry of a copy of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446(b).

## Venue is Proper in the Northern District

10.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b) and 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the matter in controversy exceeds the sum of $75,000.00.

11.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Gwinnett County. *See* 28 U.S.C. § 90(a)(2).

## The Unanimity Requirement is Met Here

### 12.

The Supreme Court has construed the removal statues to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)(citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900)).  All Defendants consent to this Notice of Removal.

## Removal is Proper

### 13.

No previous application for the relief sought herein has been made to this or any other Court.

### 14.

Good and sufficient defenses to Plaintiff's claims exist.

### 15.

Within thirty (30) days after service on Sentry, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

16.

Sentry has given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Gwinnett County. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "E".

WHEREFORE, it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

Respectfully submitted this 11th day of May, 2021.

McMICKLE, KUREY & BRANCH, LLP

By: */s/ Paschal Glavinos*
    SCOTT W. MCMICKLE
    Georgia Bar No. 497779
    PASCHAL GLAVINOS
    Georgia Bar No. 817127
    *Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile:  (678) 824-7801
Email:swm@mkblawfirm.com
      pglavinos@mkblawfirm.com

M0724372.1 15371

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using electronic filing, which will automatically send email notification of such filing to the following attorneys of record:

Kenneth Brosnahan
Linda G. Carpenter
Sharon L. Neal
The Brosnahan Law Firm
31 Lenox Pointe N.E.
Atlanta, GA 30324
kwb@brosnahan-law.com
lgc@brosnahan-law.com
sharon@brosnahan-law.com
***Attorneys for Plaintiff***

This 11th day of May, 2021.

*/s/ Paschal Glavinos*
PASCHAL GLAVINOS
For the Firm

THIS IS TO CERTIFY that, pursuant to LR 5.1B, N.D.Ga., the above document was prepared in Times New Roman, 14 pt.

M0724372.1 15371