# EXHIBIT "A"

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02961-S1**
**4/15/2021 4:31 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KHAI NGUYEN,<br>**Plaintiff,**<br><br>vs.<br><br>**DONEL WALKER THOMAS,**<br>**HOLMES COMPANY OF**<br>**JACKSON, INC., AND SENTRY**<br>**SELECT INSURANCE COMPANY**<br>**Defendants.** | **CIVIL ACTION FILE NO.:**<br><br>**21-C-02961-S1**<br>**(SERVED WITH DISCOVERY)** |

## COMPLAINT FOR PERSONAL INJURY

COMES NOW, Plaintiff Khai Nguyen, by and through undersigned counsel, and files this

Complaint for Personal Injury and shows this Honorable Court the following:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Plaintiff Khai Nguyen is an adult and resident of Cobb County, Georgia.

### 2.

Defendant Donel Walker Thomas, (hereinafter "Donel Thomas"), is an adult and resident

of the State of Mississippi and domiciled therein at 2852 Wash Bailey Road, Durant, Mississippi

39063.

### 3.

Service upon non-resident motorist Defendant Donel Thomas may be made, pursuant to

O.C.G.A. §§40-12-1 and 40-12-2, by serving a copy of the Complaint and Summons on the

Georgia Secretary of State along with a copy of the affidavit to be submitted to the court pursuant

to O.C.G.A. §40-12-2, by sending a copy of the Complaint, process and notice of service upon

the Georgia Secretary of State by registered or certified mail or statutory overnight delivery by the

Plaintiff to Defendant Donel Thomas if his address is known, and by appending Defendant Donel Thomas's return receipt and Plaintiff's affidavit of compliance with O.C.G.A. §40-12-2 to the Summons or other process filed with the Summons, Complaint and other papers in this court.

**4.**

Defendant Holmes Company of Jackson, Inc. ("Holmes Company") is a foreign profit corporation with its principal office address located at 535 Old Highway 49 South, Richland, Mississippi 39218.

**5.**

Holmes Company may be served with the Summons and Complaint through its registered agent and managing agent (Director, Secretary and Treasurer) Jackson Holmes or its managing agent (Director and President) Martin Holmes located at 535 Old Highway 49 South, Richland, Mississippi 39218. Holmes Company may also be served with the Summons and Complaint through process agent The Financial Integrity Group/Dawn Richardson located at 410 East Taylor Street, Suite G,  Griffin, Georgia 30223 for Defendant Holmes Company's BOC-3 Blanket Company Truck Process Agents of America, Inc.

**6.**

Defendant Sentry Select Insurance Company (hereinafter "Sentry Select Ins. Co.") is a foreign insurance company with its principal office address located at 1800 North Point Drive, Stevens Point, Wisconsin 54481.   Sentry Select Ins. Co. may be served with the Summons and Complaint through its registered agent CT Corporation System located at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

**7.**

Defendant Donel Thomas is subject to the jurisdiction and venue of this Court.

2

**8.**

Defendant Holmes Company is subject to the jurisdiction and venue of this Court.

**9.**

Defendant Sentry Select Ins. Co. is subject to the jurisdiction and venue of this Court.

## FACTUAL BACKGROUND

**10.**

On September 24, 2019, Defendant Donel Thomas was operating a tractor trailer owned or leased by Holmes Company on Interstate 85 southbound near its intersection with Beaver Ruin Road in Gwinnett County, Georgia.

**11.**

On September 24, 2019, Defendant Donel Thomas and Plaintiff were traveling southbound on Interstate 85 in Gwinnett County, Georgia.  Plaintiff slowed his vehicle for traffic, Defendant Donel Thomas failed to slow down or stop and the front of Donel Thomas' tractor struck the rear of Plaintiff's vehicle.

**12.**

Defendant Donel Thomas' vehicle and Plaintiff's vehicle sustained property damage as a result of the September 24, 2019 collision.

## LIABILITY OF DEFENDANTS

**13.**

At the time of the September 24, 2019 collision, Defendant Donel Thomas followed Plaintiff more closely than what is reasonable and prudent, drove too fast and at an unreasonable speed for the conditions then existing, disregarded the actual and potential hazards then existing, failed to maintain proper control over his vehicle, failed to maintain a proper lookout, drove

3

recklessly, failed to give necessary and adequate warning, failed to yield the right of way, and/or failed to exercise ordinary care under the circumstances then existing.

**14.**

Defendant Donel Thomas' negligence, negligence *per se*, and recklessness proximately caused the September 24, 2019 collision between Defendant Donel Thomas' vehicle and Plaintiff's vehicle which resulted in the impact between Defendant Donel Thomas' vehicle and Plaintiff's vehicle.

**15.**

At the time of the September 24, 2019 collision between Defendant Donel Thomas' vehicle and Plaintiff's vehicle, Defendant Donel Thomas was an employee and/or agent of Holmes Company and was acting within the scope of his employment or agency relationship with Defendant Holmes Company.

**16.**

Defendant Holmes Company is vicariously liable for the negligent and reckless acts and omission of Defendant Donel Thomas on September 24, 2019.

**17.**

Defendant Holmes Company is independently liable for the negligent hiring, training, and retention of Defendant Donel Thomas.

**18.**

Defendant Holmes Company is independently liable for the negligent entrustment of the vehicle involved in the September 24, 2019 collision to Defendant Donel Thomas.

**19.**

As a direct and proximate result of the negligence, negligence *per se*, and recklessness of Defendant Donel Thomas and the negligence and recklessness of Defendant Holmes Company, Plaintiff sustained serious and permanent injuries and, as a result, Plaintiff has sustained great pain in both mind and body, and will continue to suffer pain now and in the future.

20.

As a direct and proximate result of the negligence, negligence *per se*, and recklessness of Defendant Donel Thomas and the negligence and recklessness of Defendant Holmes Company, Plaintiff has incurred medical and other expenses and will continue to incur medical and other expenses in the future.

21.

As a direct and proximate result of the negligence, negligence *per se*, and recklessness of Defendant Donel Thomas and the negligence and recklessness of Defendant Holmes Company, Plaintiff has lost earnings and will continue to lose earnings in the future.

22.

Defendant Sentry Select Ins. Co. issued a policy of insurance to Defendant Holmes Company that provides coverage to Defendants up to the policy's limits subject to the terms, conditions, definitions and exclusions of the policy with respect to the September 24, 2019 collision between Plaintiff and Defendant Donel Thomas.

23.

Defendant Sentry Select Ins. Co. is subject to direct action for the September 24, 2019 collision.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a)    That Defendants be served with process required by law;

b)    That Plaintiff be granted a trial by jury;

c)    That Defendants be found liable for general and special damages sustained by Plaintiff due to the negligence, negligence per se, and recklessness of the Defendant Donel Thomas and Defendant Holmes Company of Jackson, Inc.;

d)    That Defendants be found liable for all court costs associated with this action and for all other costs and damages to be determined by this Court;

e)    That Plaintiff be awarded damages in such sums as this Court and jury shall find appropriate based upon the evidence submitted at the time of trial; and

f)    That Plaintiff be granted such other and further relief as this Honorable Court may deem as necessary and proper.

This 15th day of April, 2021.

THE BROSNAHAN LAW FIRM

*/s/ Kenneth Brosnahan*
Kenneth W. Brosnahan, Esq.
Georgia State Bar No. 086345
E-mail: kwb@brosnahan-law.com
Linda G. Carpenter, Esq.
Georgia State Bar No. 111285
E-mail: lgc@brosnahan-law.com
Sharon L. Neal, Esq.
Georgia State Bar No. 536060
E-mail: sharon@brosnahan-law.com
**Attorneys for Plaintiff  Khai Nguyen**

31 Lenox Pointe, N.E.
Atlanta, Georgia 30324
Tel: (404) 923-7570
Fax: (678) 904-6391

6

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-02961-S1
4/15/2021 4:31 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**KHAI NGUYEN**

CIVIL ACTION
NUMBER: **21-C-02961-S1**

PLAINTIFF

VS.

**DONEL WALKER THOMAS, HOLMES COMPANY**

**OF JACKSON, INC., AND SENTRY SELECT**

**INSURANCE COMPANY**

DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**    Donel Walker Thomas
2852 Wash Bailey Road, Durant, Mississippi 39063

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kenneth W. Brosnahan, Esq.
Sharon L. Neal, Esq.
31 Lenox Pointe, N.E.
Atlanta, Georgia 30324

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This   **15TH**   day of     **APRIL**    , 20**21** .

Tiana P. Garner
**Clerk of State Court**

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-02961-S1
4/15/2021 4:31 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

KHAI NGUYEN

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: **21-C-02961-S1**_____

VS.

DONEL WALKER THOMAS, HOLMES COMPANY

OF JACKSON, INC., AND SENTRY SELECT

INSURANCE COMPANY

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Holmes Company of Jackson, Inc. c/o Jackson Holmes (registered agent, Director, Secretary & Treasurer) or c/o Martin Holmes (Director & President) 535 Old Highway 49 South, 535 Old Highway 49 South, Richland, Mississippi 39218

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kenneth W. Brosnahan, Esq.
Sharon L. Neal, Esq.
31 Lenox Pointe, N.E.☐
Atlanta, Georgia 30324☐                                                                      ⊞

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **15TH**_____ day of _____**APRIL**_____, 20**21**___.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02961-S1**
4/15/2021 4:31 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**KHAI NGUYEN**

CIVIL ACTION NUMBER: **21-C-02961-S1**

PLAINTIFF

VS.

**DONEL WALKER THOMAS, HOLMES COMPANY**

**OF JACKSON, INC., AND SENTRY SELECT**

**INSURANCE COMPANY**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Sentry Select Insurance Company c/o CT Corporation System
289 S. Culver Street, Lawrenceville, Georgia 30046-4805

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kenneth W. Brosnahan, Esq.
Sharon L. Neal, Esq.
31 Lenox Pointe, N.E. ☐
Atlanta, Georgia 30324 ☐

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **15TH** day of **APRIL**, 20**21**.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02961-S1**
**4/15/2021 4:31 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KHAI NGUYEN,            }
     **Plaintiff,**           }
                         }     **CIVIL ACTION FILE NO.:**
**vs.**                   }
                         }     **21-C-02961-S1**
**DONEL WALKER THOMAS,**    }
**HOLMES COMPANY OF**        }     **(SERVED WITH SUMMONS AND**
**JACKSON, INC., AND SENTRY**   }     **COMPLAINT)**
**SELECT INSURANCE COMPANY**  }
     **Defendants.**            }

### PLAINTIFF'S COUNSEL'S NOTICE OF LEAVES OF ABSENCE

     COMES NOW Plaintiff's attorney Sharon Leah Neal, Esq., and submits this Notice of Leaves of Absence to the Clerk of Court and counsel of record, pursuant to Uniform Superior/State Court Rule 16.1. Plaintiff's counsel will be absent from the practice of law and submits this request to be excused from all proceedings including trials, hearings and depositions in the above-referenced matter during the following dates:

| | **DURATION OF REQUESTED LEAVE OF ABSENCE** | **REASON** |
|---|---|---|
| 1 | July 5, 2021 (Mon) though July 12, 2021 (Mon) | Vacation |
| 2 | October 7, 2021 (Thurs) through October 8, 2021 (Fri) | Vacation |
| 3 | December 27, 2021 (Mon) through January 4, 2022 (Tues) | Vacation |

     All affected judges and opposing counsel shall have ten days from the date of this Notice of this Notice to object to it. If no objections are filed, the leave shall be granted.

     This 15th day of April, 2021 and to be served by the process server with the Summons and Complaint.

                      THE BROSNAHAN LAW FIRM

                      /s/ *Sharon Neal*
                      Sharon L. Neal, Esq.
                      Georgia State Bar No. 536060
                      E-mail: sharon@brosnahan-law.com
                      **Attorney for Plaintiff**

31 Lenox Pointe, N.E.
Atlanta, Georgia 30324
Tel: (404) 853-8964
Fax: (678) 904-6391

1

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02961-S1**
**4/15/2021 4:31 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KHAI NGUYEN,            }
    **Plaintiff,**        }    **CIVIL ACTION FILE NO.:**
                     }
**vs.**               }       21-C-02961-S1
                     }    **(SERVED WITH SUMMONS AND**
**DONEL WALKER THOMAS,**   }    **COMPLAINT)**
**HOLMES COMPANY OF**      }
**JACKSON, INC., AND SENTRY**  }
**SELECT INSURANCE COMPANY** }
    **Defendants.**        }

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

    **COMES NOW, PLAINTIFF KHAI NGUYEN** ("Plaintiff"), by and through counsel, and, pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34, and 9-11-36 submits herewith to Defendants the following written discovery requests:

- Plaintiff's Requests for Admissions to all three Defendants;

- Plaintiff's Interrogatories to **DEFENDANT DONEL WALKER THOMAS** (hereinafter "Defendant Donel Thomas" and/or "Defendant Driver" and/or "Defendant Driver Thomas").

- Plaintiff's Interrogatories to **DEFENDANT HOLMES COMPANY OF JACKSON, INC.** (hereinafter "Defendant Holmes Company" and/or "Defendant Company");

- Plaintiff's Interrogatories to **DEFENDANT SENTRY SELECT INSURANCE COMPANY** (hereinafter "Insurer" and/or "Sentry Select Ins. Co."); and

- Plaintiff's Requests for Production of Documents to all three Defendants.

    Defendants' Answers to these Requests for Admission, Interrogatories, and Requests for Production shall be served upon the attorneys for Plaintiff at **The Brosnahan Law Firm** no later than forty-five (45) days after service, or at any hearing or deposition in the above matter which is scheduled prior to the 45th day after service.

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO ALL DEFENDANTS

1.

Admit that Defendant Driver Thomas lives at a residence located at 2852 Wash Bailey Road, Durant, Mississippi 39063.

2.

Admit that Defendant Driver Thomas was properly served with the Summons and Complaint in this case.

3.

Admit that process was sufficient with respect to Defendant Driver Thomas in this case.

4.

Admit that Defendant Driver Thomas is subject to the jurisdiction of this Court.

5.

Admit that venue in this Court is proper as to Defendant Driver Thomas.

6.

Admit that Defendant Holmes Company is a company with its principal office address located at 535 Old Highway 49 South, Richland, Mississippi 39218.

7.

Admit that Defendant Holmes Company may be served with the summons and complaint through its registered agent and managing agent (Director, Secretary and Treasurer) Jackson Holmes.

8.

Admit that Defendant Holmes Company may be served with the summons and complaint through its managing agent (Director and President) Martin Holmes.

9.

Admit that Defendant Holmes Company may be served with the summons and complaint through process agent The Financial Integrity Group/Dawn Richardson located at 410 East Taylor Street, Suite G, Griffin, Georgia 30223 for Defendant Holmes Company's BOC-3 Blanket Company Truck Process Agents of America, Inc.

10.

Admit that Defendant Holmes Company was properly served with the Summons and Complaint in this case.

11.

Admit that process was sufficient with respect to Defendant Holmes Company in this case.

12.

Admit that Defendant Holmes Company is subject to the jurisdiction of this Court.

13.

Admit that venue in this Court is proper as to Defendant Holmes Company.

14.

Admit that the Defendant Sentry Select Ins. Co. is a foreign insurance company with its principal office address located at 1800 North Point Drive, Stevens Point, Wisconsin 54481.

15.

Admit the Defendant Sentry Select Ins. Co. may be served with the summons and complaint through its registered agent CT Corporation System located at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

3

16.

Admit that the Defendant Sentry Select Ins. Co. was properly served with the Summons and Complaint in this case.

17.

Admit that process was sufficient with respect to the Defendant Sentry Select Ins. Co. in this case.

18.

Admit that the Defendant Sentry Select Ins. Co. is subject to the jurisdiction of this Court.

19.

Admit that venue in this Court is proper as to the Defendant Sentry Select Ins. Co.

20.

Admit that as a proximate result of the collision, Plaintiff's vehicle sustained property damage.

21.

Admit that as a proximate result of the September 24, 2019 collision, the tractor that Defendant Driver Thomas was operating sustained property damage.

22.

Admit that on September 24, 2019, Defendant Driver Thomas was operating a tractor trailer owned by the Defendant Holmes Company.

23.

Admit that on September 24, 2019, Defendant Driver Thomas was operating a tractor trailer leased or rented by Defendant Holmes Company.

4

24.

Admit that on September 24, 2019, Defendant Driver Thomas was operating the tractor within the course and scope of his employment with Defendant Holmes Company.

25.

Admit that on September 24, 2019, Defendant Driver Thomas was operating the tractor in furtherance of the business of Defendant Holmes Company.

26.

Admit that on September 24, 2019, Defendant Driver Thomas was operating the tractor with the knowledge and consent of Defendant Holmes Company.

27.

Admit that on September 24, 2019, Plaintiff was operating a vehicle traveling southbound on Interstate 85 in Gwinnett County, Georgia.

28.

Admit that on September 24, 2019, Defendant Driver Thomas was  operating a tractor trailer on Interstate 85 southbound in Gwinnett County, Georgia.

29.

Admit that on September 24, 2019, Plaintiff slowed down on Interstate 85 southbound due to traffic.

30.

Admit that on September 24, 2019, Plaintiff stopped on Interstate 85 southbound due to traffic.

31.

5

Admit that on September 24, 2019, the tractor operated by Defendant Driver Thomas came into contact with Plaintiff's vehicle.

32.

Admit that on September 24, 2019, the front of the tractor operated by Defendant Driver Thomas came into contact with the rear of Plaintiff's vehicle.

33.

Admit that as a result of the September 24, 2019 collision, Plaintiff's vehicle sustained property damage.

34.

Admit that as a result of the September 24, 2019 collision, the tractor operated by Defendant Driver Thomas sustained property damage.

35.

Admit that as a result of the September 24, 2019 collision, Plaintiff suffered bodily injuries.

36.

Admit that the September 24, 2019 collision was proximately caused by the negligence of Defendant Driver Thomas.

37.

Admit that the September 24, 2019 collision was not proximately caused by any negligence of Plaintiff.

## INTERROGATORIES TO DEFENDANTS

### Definitions and Instructions

a.  You are required to answer all following Interrogatories separately and fully in writing and under oath within forty-five (45) days of service.

b.  These Interrogatories are continuing in character, so as to require you to file supplemental answers if you obtain further or different information before trial.

c.  Where the name or identity of a person is requested, please state the full name, home address, business address, home telephone number, cell telephone number, and business telephone number.

d.  Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the auto accident mentioned or complained of in the pleadings.

e.  Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, the party's attorneys. When answer is made by a corporation or other legal entity, state the name, address, and title of the person supplying the information, and making the affidavit, and the source of this information.

f.  These Interrogatories shall include the following definitions:

i.  Any request to identify any record, documents, or writing shall include identification as to: (a) the date the same was dated or otherwise prepared; (b) the name, address, and title of the person preparing same; (c) the name, address, and title of the person for and to whom the same was prepared and addressed; (d) the name, address, and title of all persons to whom copies of the same were furnished or otherwise forwarded; (e) the title and other identifying designation given the same; (f) the subject matter and content of the same; and (g) the name, address, and location and title of the person having possession.

ii.  The pronoun "you" refers to the party to whom these Interrogatories are addressed, its agents, servants, employees, representatives, officers, or anyone acting for or on behalf of that party.

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO</u>
## <u>THE DEFENDANT DRIVER THOMAS ONLY</u>

1.

Please state the following for **THE DEFENDANT DRIVR THOMAS**:

(a) full legal name;

(b) social security number;

(c) residence addresses for past three years; and

(d) name and address of current and former employers from September 1, 2009 to present;

2.

Please describe fully and completely how the alleged occurrence happened including, but not limited to, when Defendant first saw the vehicle being occupied by Plaintiff around the time of the collision and all acts/actions or movements done by the Plaintiff that Defendant observed.

3.

Please describe in detail any and all conversations with or words by Plaintiff and the investigating officer after the collision referenced in the Complaint.

4.

State the name, address and telephone numbers of all persons, including any party, who, to your knowledge, information or belief:

(a) Was an eyewitness to the incident complained of in this action;

(b) Who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence

(c) Has any knowledge of any fact or circumstance upon which this Complaint or your defense is based including knowledge of the circumstances of the collision and Plaintiff's injuries/damages;

(d) Has conducted any investigation relating to the incident complained of or related to the background, employment, medical history or activities of Plaintiff.

(e) Has given or prepared any verbal, written or recorded statement regarding the collision referenced in the complaint.

5.

For each person whom Defendant expects to call as an expert witness at the trial of this lawsuit, please state the following:

(a)     Each person's name and employer or company;

(b)     Each person's office address and specialty;

(c)     State the subject matter on which said persons are expected to testify; and

(d),     State in detail the substance of the facts and opinions to which each person is expected to testify.

(e)     State a complete summary of the grounds for each opinion held as provided in O.C.G.A. § 9-11-26.

6.

Please state the phone numbers, cell phone service provides, and names of account holders for all cellular telephones Defendant Driver Thomas owned or used on the date of the accident at issue in this lawsuit.

7.

Was Defendant Driver Thomas using the phone at any time in any manner during the time period of ten minutes before until 5 minutes after the collision at issue in this lawsuit?

8.

For any citations issued to Defendant Driver Thomas as a result of the motor vehicle accident which is the subject of this litigation, please state whether Defendant Driver Thomas pled guilty to the citation(s), what charge(s) Defendant Driver Thomas plead guilty to, whether he paid a fine, and whether Defendant Driver Thomas forfeited bond.

9

9.

(a)    Had Defendant Driver Thomas consumed any intoxicating beverages, ingested any

medicines, whether legal or illegal, stimulants, depressants, chemicals, marijuana,

cannabis or drugs within the forty-eight (48) hour period immediately preceding

the occurrence of the vehicular incident which is the subject of this lawsuit?

(b)    If so, state all substances, the time and place at which each was consumed, and the

amount on each occasion.

10.

Have you Defendant Driver Thomas ever been arrested or charged with a crime,

misdemeanor or felony, whether convicted or not? If so, state the date and place of such arrest, a

description of the infraction of law for which the driver was arrested or charged as well as the

jurisdiction in which the charge occurred, and date of disposition.

11.

Have you Defendant Driver Thomas ever had a driver's license (includes a CDL)

suspended, canceled, or revoked? Please state the name of the state of suspension, cancellation, or

revocation for such license, the date of such suspension, cancellation, or revocation, and the reason

therefore.

12.

Please describe each audio or video recording, photograph or other representation or

depiction of the accident at issue in this lawsuit [including the collision, the vehicles (car, tractor,

trailer, etc.), the drivers].

13.

10

(A) Did Defendant Holmes Company or any other entity conduct or obtain a post-accident alcohol and controlled substance test on Defendant Driver Thomas for the collision referenced in the complaint?

(B) If so, please state: (1) date of testing; (2) who performed the testing; (3) where the test was performed; and (4) results of the test.

14.

Did Defendant Driver Thomas have any medical conditions that would inhibit the ability to operate a motor vehicle (tractor trailer) including the requirement to wear prescription glasses?

15.

Please state in detail the factual basis of each defense you have raised in your answer.

16.

If Defendant Driver Thomas has ever been a party to a civil suit, please state:

(a) If Defendant Driver Thomas was a plaintiff or defendant;

(b) the Court in which said suit was filed;

(c) the nature of the action; and

(d) the outcome of the action.

17.

Please list each document and tangible piece of evidence which Defendant contends are relevant evidence in support of Defendants' defenses or Plaintiff's claims in this action, including, but not limited to, the name or other means of identifying each such document, a description of the nature and content of each document, as well as the name, address and telephone number of the person who has custody of each document.

11

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT HOLMES COMPANY ONLY

1.

Please explain the nature of the employment relationship or contract relationship between

Defendant Driver Thomas and Defendant Holmes Company on the date of the collision referenced

in the Complaint (i.e. lease operator, company/employee driver, temporary driver, etc.), including the

date the employment relationship began, if the employment relationship has been terminated, the date

of such termination, and the identity of the person who terminated such driver.

2.

State the extent of any training provided to Defendant Driver Thomas by Defendant Holmes

Company or any outside agency since the first date Defendant Holmes Company obtained

Defendant Driver Thomas 's application for employment/contract or the first date Defendant Driver

Thomas began driving for Defendant Holmes Company (which ever date came first).

3.

State the point of origin, destination and reason for the trip being made by Defendant Driver

Thomas at the time of the incident referred to in the Complaint.

4.

(A) Did Defendant Holmes Company or any other entity conduct or obtain a post-accident

alcohol and controlled substance test on Defendant Driver Thomas  for the collision referenced in

the complaint?

(B) If so, please state: (1) The date of testing; (2) Who performed the test; (3) Where the

test was performed; and (4) The results of the test.

5.

12

State the name, address and telephone numbers of all persons, including any party, who, to your knowledge, information or belief:

    (f)  Was an eyewitness to the incident complained of in this action;

    (g)  Who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence

    (h)  Has any knowledge of any fact or circumstance upon which this Complaint or your defense is based including knowledge of the circumstances of the collision and Plaintiff's injuries/damages;

    (i)  Has conducted any investigation relating to the incident complained of or related to the background, employment, medical history or activities of Plaintiff.

    (j)  Has given or prepared any verbal, written or recorded statement regarding the collision referenced in the complaint.

6.

State whether the tractor trailer involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM, GPS or device known by any other name which records information concerning the operation of the van.

7.

For each person whom Defendant Holmes Company expects to call as an expert witness at the trial of this lawsuit, please state the following:

    (f)    Each person's name and employer or company;

    (g)    Each person's office address and specialty;

    (h)    State the subject matter on which said persons are expected to testify; and

    (i)    State in detail the substance of the facts and opinions to which each person is expected to testify.

    (j)    State a complete summary of the grounds for each opinion held as provided in

13

O.C.G.A. § 9-11-26.

8.

Please state the phone numbers, cell phone service provides, and names of account holders for all cellular telephones Defendant Driver Thomas owned or used during the month of the subject accident.

9.

If Defendant Driver Thomas was issued any citations as a result of the motor vehicle accident which is the subject of this litigation, please state whether Defendant Driver Thomas pled guilty to the citation(s) and, if so, what charge(s) did Defendant Driver Thomas plead guilty to.

·10.

(c)    Had Defendant Driver Thomas consumed any intoxicating beverages, ingested any medicines, whether legal or illegal, stimulants, depressants, chemicals, marijuana, cannabis or drugs within the forty-eight (48) hour period immediately preceding the occurrence of the vehicular incident which is the subject of this lawsuit?

(d)    If so, state all substances, the time and place at which each was consumed, and the amount on each occasion.

11.

Was Defendant Driver Thomas  operating the tractor he was driving at the time of the collision that is the subject of this lawsuit during any work or employment related duties including any independent contractor relationship with Defendant Holmes Company or any other person or entity? If so, explain the relationship and the parties to that relationship.

12.

14

State whether Defendant Driver Thomas has ever been arrested or charged with a crime, misdemeanor or felony, whether convicted or not, and if so, state the date and place of such arrest, a description of the infraction of law for which the driver was arrested or charged as well as the jurisdiction in which the charge occurred, and date of disposition.

13.

State the name and address of any individual or entity with any ownership or lease interest in the work vehicle(s) (tractor trailer) driven by Defendant Driver Thomas on the date of the collision referred to in the Complaint and describe the nature of the interest.

14.

State the following for all policies of liability insurance issued to Defendant Driver Thomas, Defendant Holmes Company, or any other person or entity which may be used to satisfy a verdict in this matter: (a) names of all insurers, (b) policy numbers, and (c) the limits of coverage of each such policy.

15.

Please identify all motor vehicle collisions and moving violations for Defendant Driver Thomas prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

16.

Has Defendant Driver Thomas ever had a driver's license suspended, canceled, or revoked? Please state the name of the state of suspension, cancellation, or revocation for such license, the date of such suspension, cancellation, or revocation, and the reason therefore.

17.

15

Was Defendant Driver Thomas using the phone at any time in any manner during the time period of ten minutes before until 5 minutes after the collision at issue in this lawsuit?

18.

State the name and address of any individual or entity with any ownership or lease interest in the work vehicle (tractor trailer) operated by Defendant Driver Thomas on the date of the incident referred to in the Complaint and describe the nature of the interest.

19.

If any repairs or service were performed on/to the vehicle (tractor trailer) Defendant Driver Thomas was operating at the time of the subject accident within 120 days prior to, on the day of, or within 120 days after the incident, please state all repairs/service performed and the name and address of the person/company making all repairs.

20.

Did Defendant Driver Thomas have any medical conditions that would inhibit the ability to operate a motor vehicle (tractor trailer) including the requirement to wear prescription glasses?

21.

Please state in detail the factual basis of each defense you have raised in your answer.

22.

Please describe each audio or video recording, photograph or other representation or depiction of the accident at issue in this lawsuit (including the collision, the vehicles, the drivers).

23.

Please list each document and tangible piece of evidence which Defendant contends are relevant evidence in support of Defendants' defenses or Plaintiff's claims in this action, including, but not limited to, the name or other means of identifying each such document, a description of

16

the nature and content of each document, as well as the name, address and telephone number of

the person who has custody of each document.

24.

If Defendant Holmes Company have ever been a party to a civil suit, please state:

(e)  whether Defendant Holmes Company was a plaintiff or defendant;

(f)  the Court in which said suit was filed;

(g)  the nature of the action;

(h)  the outcome of the action, that is, whether it was settled, tried, or dismissed; and, the
     name and address of your attorney and the opposing party's attorney.

17

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT SENTRY SELECT INSURANCE COMPANY ONLY

1.

State the following for all policies of liability insurance issued to Defendant Driver Thomas, Defendant Holmes Company, or any other person or entity which may be used to satisfy a verdict in this matter: (a) names of all insurers, (b) policy numbers, and (c) the limits of coverage of each such policy.

2.

Please state in detail the factual basis of each defense you have raised in your answer.

18

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS & TANGIBLE ITEMS TO ALL DEFENDANTS**

**Definitions and Instructions**

1.      "Produce" means to make every document or item available for inspection copying by Plaintiff's attorneys at Plaintiff's attorneys' office. In lieu of making every document or item available for inspection and copying by Plaintiff's attorneys at Plaintiff's attorneys' office, this party may mail/produce a copy of all the requested documents and items so that Plaintiff's counsel receive them by the 33rd day after service of these requests.

2. "Document" means any/each non-identical copy, whether non-identical because of alterations, attachments, blanks, comments, notes, underlining or otherwise of any writing or record whether it be a letter, memoranda, report, personal or handwritten note, tape, recording, photograph, photocopy, telegram, telex, transcript or otherwise in the possession, custody or control of you and/or your representative, wherever the document is located, however produced or reproduced, whether draft or final version.

3.      In lieu of producing the original documents, copies may be produced, provided that an affidavit, attesting that the document identified as copies are genuine and authentic copies of original documents is executed by a person with a capacity and authorization to do so.

4.      If any information requested herein is claimed to be privileged or otherwise protected from discovery, you are requested to identify in writing, with particularity, the basis for each such claim and in the case of any documents not produced, to identify in writing:

|  |  |
|---|---|
| (a) | its author; |
| (b) | the day of its creation; |
| (c) | the name, positions, and capacities of all persons to whom it was addressed or by whom it has been seen; |
| (d) | its general nature and subject matter; |
| (e) | its present location and custodian; and |
| (f) | the basis upon which it is claimed to be privileged or otherwise protected from discovery. |

19

5.      This Request for Production of Documents & Tangible Items shall cover any document or item coming into being on or prior to the date upon which documents are produced pursuant to this request.

6.      You are requested to supplement your response to this Request for Production of Documents by immediately producing for inspection and copying any documents or items requested below that come into your possession or subject to your control after the date on which documents are produced pursuant to this request.

## Requests for Production of Documents & Tangible Items to all Defendants

1.

(A) Please produce copies of any incident reports generated by any and all Defendants as a result of the incident referred to in the Complaint.

(B) If Defendants raise any objection to the production of any incident report, please produce a privilege log disclosing the title/name of each report, the date each report was created, all authors of the report, and basis of the objection so Plaintiff can evaluate the objection and whether any such statements were taken within the usual course of business instead of purely for litigation purposes.

2.

Please produce copies of any insurance policies which may provide coverage or indemnity for the incident in question.

Note: this request specifically includes, but is not limited to, production of all the entire policy or contract, Declaration Pages, schedules of vehicles, and endorsements.

3.

(A) Please produce copies of any and all photographs, audio-recordings, video-recordings or other similar documents or recordings that record or depict the vehicles (including all cars, trucks, tractors, trailers, dolleys, etc.) involved in the accident at issue, the persons involved in the

accident, any eyewitnesses, any responding law enforcement personnel, any responding medical

providers, and any other aspect of the subject incident.

Note: this request specifically requests **color copies** of any and all photographs of the vehicles involved in the accident (i.e. depicting any and all property damage) as well as injuries to all drivers and passengers involved in the accident.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

4.

(A) The original of each and every written statement or a transcript of a recorded statement

which covers the facts and/or circumstances of the incident which gives rise to the Complaint in

this action.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

5.

(A) A copy of each and every written or recorded statement or report concerning the

investigation of each witness expected to be called as an expert upon the trial of this matter.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

6.

(A) Any and all statements (written or recorded), documents or tangible items taken from

or prepared by any and all persons, including any party, who, to your knowledge, information or

belief: (a) Was an eyewitness to the incident complained of in this action; (b) Who arrived at the

scene of the occurrence complained of in this action immediately or shortly after its occurrence;

21

(c) Has any knowledge of any fact or circumstance upon which this Complaint or your defense is based including knowledge of the circumstances of the collision and Plaintiff's injuries/damages;

(d) has conducted any investigation relating to the incident complained of or related to the background, employment, medical history or activities of Plaintiff.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

7.

(A) Any and all cellular phone records for the date of the collision that is the subject of this lawsuit for all cell phones used by Defendant Driver Thomas during the 12 hours before and 12 hours after the collision referenced in the complaint.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

8.

(A) All documents reviewed by, provided to, received from, or exchanged with any witness expected to be called by Defendants to testify as an expert at the trial in this lawsuit including, but not limited to the following items:

(a)   All documents and tangible items provided by Defendants, defense counsel, or defense counsel's staff, or Defendants' insurer to each expert or their staff;

(b)   All documents and tangible items provided by each expert or their staff to Defendants, defense counsel, defense counsel's staff, or Defendants' insurer;

(c)   All correspondence, letters, faxes, email, and attachments sent by Defendants, defense counsel, defense counsel's staff, or Defendants' insurer to each exert;

22

(d)     All correspondence, letters, faxes, email, and attachments sent by each expert or their staff to Defendants, defense counsel, defense counsel's staff, or Defendants' insurer to each exert;

(e)     All invoices and retainer requests disclosing requests for payment by each expert to Defendants, defense counsel, defense counsel's staff, or Defendants' insurer for any and all work in this case;

(i)     All checks, receipts, or other proof of payment showing how much each expert or his/her company/employer has been compensated in this case to date.

(j)     The complete file of each expert or his/her business/practice/firm.

(k)     Each and every report (including final versions and all drafts) prepared by each expert.

(l)     All notes prepared or recorded by each expert or anyone assisting them in this matter.

**Note: if Defendants later disclose an expert witness, Defendant(s) shall supplement his/her/their response to this request at the same time as the expert disclosure to provide the requested materials for inspection/copying or produce copies.**

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

9.

The curriculum vitae or resume of any witness expected to be called as an expert at trial

in the within action.

10.

Copies of Defendant Driver Thomas' driver's licenses (front and back) for all driver's

licenses held by him/her for the five (5) year before the collision at issue in this lawsuit though the

present.

11.

(A) Any and all documents, drawings, audio recordings, videotapes, photographs or other

representation or depiction pertaining to collision at issue, the accident scene, Plaintiff, Defendant

23

Driver Thomas , Defendant Holmes Company, or any vehicles involved in the subject collision (i.e. all cars, trucks, tractors, trailers, dollies, etc.).

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

12.

(A)    Any and all documents document and tangible piece of evidence which Defendants contend are relevant evidence in support of Defendants' defenses or Plaintiff's claims in this action, including, but not limited to, the name or other means of identifying each such document, a description of the nature and content of each document, as well as the name, address and telephone number of the person who has custody of each document.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

13.

(A) Copies of any documents you or your attorneys receive in response to third-party document requests served in this civil action including, but not limited to, any and all requests for the following:

(1) Plaintiff's medical records, bills, films (MRI, CT, x-rays, etc.),

(2) Plaintiff's insurance records,

(3) Plaintiff's employment records,

(4) Plaintiff's insurance records,

(5) Plaintiff's cell phone records, etc.

24

(6) Defendant driver's medical records, bills, films (MRI, CT, x-rays, etc.) with respect to medical care Defendant received as a result of the subject accident.

(7) Defendant driver's cell phone records, etc.

(8) The following records prepared or maintained by any Police Department, Sherriff's Department, Georgia State Patrol, Fire Department, EMS/EMT/paramedics, or any other third party entities or agencies pertaining to the accident referred to in the complaint:

    (a)   All Georgia Uniform Motor Vehicle Accident Report or Georgia Motor Vehicle Crash Report (initial, supplemental and amended versions)

    (b)   all initial, supplemental, and amended reports;

    (c)   all photographs;

    (c)   all audio/video recordings including dash-cam and body-cam recordings;

    (d)   all hand-written or computer-generated notes and statements;

    (e)   all dispatch records;

    (f)   all 911 records and recordings;

    (g)   all CAD detail reports; and

    (h)   all citations issued to all drivers involved in the accident.

(B)   If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

14.

(A) Records reflecting the disposition of all citations issued to all drivers involved in the accident at issue with respect to the subject accident.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each item, when each item was created or prepared, the names of all people who created each item, and basis of the objection so Plaintiff can evaluate the objection.

25

15.

A copy of all estimates, photographs, invoices, work orders, repair orders, and receipts with respect to property damage, repairs, and service to the vehicle (tractor trailer) Defendant Driver Thomas was driving at the time of the subject accident for property damage sustained in the subject accident.

16.

(A) A copy of medical records for medical care Defendant Driver Thomas received as a result of the accident at issue (i.e. EMS, ER, etc.).

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

17.

All of Defendants' insurance policies, insurance agreements, and any subordinate insuring agreements, which in any way, may provide Defendant Driver Thomas or Defendant Holmes Company with insurance coverage in the event of an award for Plaintiff of any sum by the way of judgment in this case.

18.

(A) Any written, recorded, or transcribed statement made by anyone concerning this action or the subject of this matter action including all parties, any passengers, eyewitnesses, or investigating personnel.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

19.

26

(A) All documents which you and/or your representatives rely upon to demonstrate and support any facts relevant to this litigation and any documents which you and/or your representatives contend are relevant to the issues involved in this action.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

20.

(A) All documents referred to in Defendants' Answers to Plaintiff's Interrogatories.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

21.

(A) All documents reflecting Defendant Driver Thomas' past driving history.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

22.

(A) The cell phone records of Defendant Driver Thomas or any other person/entity reflecting the ten (10) minute period immediately before the subject collision through the ten (10) minute period immediately after the subject collision at issue in this lawsuit including disclosure of all incoming and outgoing calls, texts and messages for the date of the incident.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

23.

(A) Copies of any lease, contract, or other agreement regarding the vehicle driven by Defendant Driver Thomas on the day of the collision referred to in the complaint.

27

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

24.

(A) Copies of the bill of sale, title, registration, and any other documents relating to the

ownership of the vehicle driven by Defendant Driver Thomas on the date of the incident referred to

in the complaint.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

25.

(A) Copies of the personnel file, employment contract, or any other documents regarding the

employment status of Defendant Driver Thomas.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

26.

(A) Copies of work invoices, receipts, dispatch records, time cards and other documents

showing any work performed by Defendant Driver Thomas for the day of the incident and the eight-

day period preceding the incident referred to in the complaint.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

27.

(A) Copies of  trip reports or dispatch records in regard Defendant Driver Thomas  for the

day of the incident and for the two-week period preceding the incident referred to in the complaint.

28

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

28.

(A) Copies of all driver's logs and time cards for Defendant Driver Thomas for the six-month period preceding the incident referred to in the complaint.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

29.

(A) Copies of all weight tickets, check stubs, fuel receipts, invoices, and other records for any expenses incurred by Defendant Driver Thomas for the six-month period preceding the incident referred to in the complaint.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

30.

(A) Copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the vehicle operated by Defendant Driver Thomas on the day of the incident referred to in the complaint for the one-year period preceding this incident and the six-month period following this incident.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

31.

(A) copies of all maintenance records, repair invoices and work orders concerning the work vehicle driven by Defendant Driver Thomas on the day of the incident referred to in the complaint for the one-year period preceding this incident and the six-month period following this incident

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

32.

A copy of Defendant Driver Thomas' qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records; and

30

(o)   Any other documents.

(B)   If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

33.

(A) Copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Driver Thomas following the subject collision with respect to the subject collision including all documents/items that disclose (a) The date of testing; (b) who performed the test (person and entity), (c) Where the test was performed; and (d) results of the tests.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

34.

(A) Copies of any driver manuals, guidelines, rules or regulations issued to Defendant Driver Thomas  by Defendant Holmes Company at any time from when Defendant Driver Thomas  first started driving for Defendant Holmes Company through the present time.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

35.

(A) Copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Driver Thomas .

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

31

36.

(A) Copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to Defendant Driver Thomas by Defendant Holmes Company.

37.

(A) Copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the day of the incident and the six-month period prior to the incident referred to in the complaint.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

38.

(A) Copies of any documents regarding any training received by Defendant Driver Thomas from any and all sources including, but not limited to, Defendant Holmes Company at any and all times up to the present.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

39.

(A) Copies of any and all permits or licenses regarding the work vehicle driven by the Defendant Driver at the time of the incident referred to in the complaint.

(B) If Defendants raise any objection to the production of any requested items, please produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of the objection so Plaintiff can evaluate the objection.

40.

(A) Documents referencing all payroll information concerning Defendant Driver Thomas for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for

the time period covering the date of the collision.  (Plaintiff's counsel is not requesting copies of pay

checks unless otherwise specified, but requests the individualized payroll record ledger sheet

indicating the amount of pay, miles driven for the time periods specified, etc.).

    (B) If Defendants raise any objection to the production of any requested items, please
produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of
the objection so Plaintiff can evaluate the objection.

41.

    (A) Copies of all records and documents Defendant Holmes Company obtained on their own

or through any other person or business entity at any time up through the present which contain

information concerning the driving history, driving infractions, and motor vehicle records of

Defendant Driver Thomas.

    (B) If Defendants raise any objection to the production of any requested items, please
produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of
the objection so Plaintiff can evaluate the objection.

42.

    (A) All motor vehicle records or reports of any kind received from any private corporation or

service, or any governmental entity relative to the driving history, driving record, and driving

infractions of Defendant Driver Thomas since the commencement of said driver's employment (or

when Defendant Driver Thomas first started driving for Defendant Holmes Company in any capacity

– whichever is earlier) up and through the date of trial.

    (B) If Defendants raise any objection to the production of any requested items, please
produce a privilege log disclosing each medical provider/facility, dates of treatment, and basis of
the objection so Plaintiff can evaluate the objection.

43.

A privilege log for each and every document and tangible item that is in the possession,

custody or control of any of the Defendants but has not been produced on grounds of privilege that

33

state the following for each document or tangible item: (a) the date each document or item was

generated, (b) the person generating each document or item, (c) the present custodian of each

document or item, and (d) a description of each document or item.

Filed this 15th day of April, 2021 and to be served by the process server with the Summons
and Complaint.

THE BROSNAHAN LAW FIRM

/s/ *Kenneth Brosnahan*
Kenneth W. Brosnahan, Esq.
Georgia State Bar No. 086345
E-mail: kwb@brosnahan-law.com
Linda G. Carpenter, Esq.
Georgia State Bar No. 111285
E-mail: lgc@brosnahan-law.com
Sharon L. Neal, Esq.
Georgia State Bar No. 536060
E-mail: sharon@brosnahan-law.com
**Attorneys for Plaintiff**

31 Lenox Pointe, N.E.
Atlanta, Georgia 30324
Tel: (404) 853-8964
Fax: (678) 904-6391

34

E FILED IN OFFICE - IIT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-02961-S1**

4/23/2021 11:35 AM
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Gwinnett                    State Court

Case Number: 21-C-02961-S1

Plaintiff:
KHAI NGUYEN

vs.

Defendant:
DONEL WALKER THOMAS, HOLMES COMPANY OF JACKSON, INC., AND SENTRY
SELECT INSURANCE COMPANY

For:
Sharon Neal
The Brosnahan Law Firm
31 Lenox Pointe, N.E.
Atlanta, GA 30324

Received by Absolute Reporting, LLC to be served on Sentry Select Insurance Company, registered agent CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046

I, Christopher Todd Horton, being duly sworn, depose and say that on the 16th day of April, 2021 at 2:50 pm, I:

served Sentry Select Insurance Company by delivering a true copy of the SUMMONS; COMPLAINT FOR PERSONAL INJURY; PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS; PLAINTIFF'S COUNSEL'S NOTICE OF LEAVES OF ABSENCE; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM with the date and hour of service endorsed thereon by me, to: Jane Richardson as Registered Agent at the address of: registered agent CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046.

Description of Person Served: Age: 60, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 170, Hair: Grey, Glasses: Y

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

TIFFANY HORTON
NOTARY
EXPIRES
GEORGIA
Aug. 18, 2023
PUBLIC
GWINNETT COUNTY

Christopher Todd Horton
Process Server ID No. CPS243

Signed and sworn before me on the ____ day of
_____ by the affiant who is personally
known to me or produced identification.

NOTARY PUBLIC

Absolute Reporting, LLC
930 New Hope Road
Suite 11-110
Lawrenceville, GA 30045
(770) 736-8106

Our Job Serial Number: RBC-2021000519
Ref: NGUYEN

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

15371

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02961-S1**
Control Number ......... **5/4/2021 10:26 AM**
TIANA P. GARNER, CLERK

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Donel Walker Thomas**

have been filed with the Secretary of State on 04/27/2021 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Khai Nguyen v. Donel Walker Thomas
Court: Gwinnett County State Court
Civil Action No.: 21-C-02961-S1

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/04/2021.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

Copy from re:SearchGA

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02961-S1**
**5/4/2021 10:55 AM**
TIANA P. GARNER, CLERK

15371

# AFFIDAVIT OF SERVICE

**State of Georgia**                      **County of Gwinnett**                      **State Court**

Case Number: 21-C-02961-S1

Plaintiff:
**Khai Nguyen**
vs.
Defendants:
**Donel Walker Thomas, Holmes Company of Jackson, Inc, and Sentry Select Insurance Company**

For: Kenneth Brosnahan
     The Brosnahan Law Firm

Received by Ancillary Legal Corporation on the 16th day of April, 2021 at 12:16 pm to be served on **Holmes Company of Jackson, Inc c/o Jackson Holmes as the Registered and Managing Agent or Martin Holmes as Managing Agent, 535 Old Highway 49 South, Richland, MS 39218.** I, __CHARLES LINDSAY__, being duly sworn, depose and say that on the __21__ day of __APRIL__, 20__21__ at __8:24a__.m., executed service by delivering a true copy of the **Summons, Complaint for Personal Injury, Plaintiff's First Requests for Admission, Interrogatories, and Requests for Production of Documents to Defendants, Plaintiff's Counsel's Notice of Leaves of Absence, General Civil and Domestic Relations Case Filing Information Form,** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____.

(✓) CORPORATE SERVICE: By serving __MARTIN HOLMES__ as __MANAGING AGENT; DIRECTOR/PRESIDENT__.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age __65__  SEX M ✶  Race __W__  Height __6'4"__  Weight __220__  Hair __GRAY__  Glasses  Y  N

**COMMENTS:** _____
_____
_____
_____

Copy from re:SearchGA

## <u>AFFIDAVIT OF SERVICE For 21-C-02961-S1</u>

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ___ 21
day of _____, 2021 by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2021004417
Ref: Nguyen

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

NOTARY PUBLIC
STATE OF MISSISSIPPI
ID # 289851
JASON SMITH
Commission Expires
March 1, 2025
RANKIN COUNTY

Copy from re:SearchGA